IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:04-CR-254-D |
| VS. | § | |
| | § | |
| ERNESTO CRUZ (05), | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM

Defendant Ernesto Cruz ("Cruz") moves for a sentence reduction under 18 U.S.C. §3582(c)(2), based on an amendment to U.S.S.G. § 1B1.10(c) that made Amendment 706 to the United States Sentencing Guidelines, as amended by Amendment 711, retroactive. The government does not oppose the motion to the extent that Cruz requests that the court resentence him within the guideline range that results from applying the retroactive amendment. The government does oppose Cruz's contention that he should be resentenced under the advisory guidelines and below the new guideline range. The court agrees with the government that Cruz is not entitled to be resentenced under the advisory guidelines or below the new guideline range. The court therefore grants his motion in part. By order filed today, the court reduces Cruz's sentence to 121 months' imprisonment, and it explains its reasoning in this memorandum.

I

Under 18 U.S.C. § 3582(c)(2), "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under U.S.S.G. § 1B1.10(a)(1), "[a]s required by 18 U.S.C. § 3582(c)(2), any such reduction in the

defendant's term of imprisonment shall be consistent with this policy statement."

U.S.S.G. § 1B1.10(b)(1) provides:

> *In General*.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (Supp. Mar. 3, 2008).

Application note 1(B) to U.S.S.G. § 1B1.10 specifies various factors for the court to consider:

> (i) *In General*.—Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).
>
> (ii) *Public Safety Consideration*.—The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).
>
> (iii) *Post-Sentencing Conduct*.—The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1(B) (Supp. Mar. 3, 2008) (italics omitted).

Additionally, U.S.S.G. § 1B1.10(b)(2) imposes limitations and a prohibition on the extent of a sentence reduction:

> (A) *In General.*—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) *Exception.*—If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.
>
> (C) *Prohibition.*—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S. Sentencing Guidelines Manual § 1B1.10(b)(2) (Supp. Mar. 3, 2008).

II

When Cruz was sentenced, his total offense level was 32. Based on a criminal history category of III, this resulted in a guideline range of 151 to 188 months. The court sentenced him to 151 months' imprisonment, the bottom of the range. As a result of Amendment 706, Cruz's total offense level is now 30, resulting in a guideline range of 121 to 151 months. Having considered the factors specified in 18 U.S.C. § 3553(a), the provisions of U.S.S.G. § 1B1.10(a) and (b), the factors

for consideration contained in Application Note 1(B)(i)-(iii), and the government's position in response to Cruz's motion, the court concludes that Cruz's sentence should be reduced to 121 months' imprisonment.

December 4, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE